No. 12.—RANDAL S. JORDAN, Adm'r, *et al.*, plaintiffs in error, *vs.* GREEN B. MAYO, *et al.* defendants in error.

A mere verbal order by a plaintiff to a Justice of the Peace to dismiss certain judgments in his favor, which is not in point of fact done, does not invalidate said judgments, or the executions issuing thereon.

Certiorari, in Lee Superior Court.   Decision by Judge AL-LEN, at March Term, 1857.

Randal S. Jordan, administrator of Joseph Jordan, deceased, brought suits in a Justice's Court upon several promissory notes, against Green B. Mayo, Alfred King, and Martha Williams.   At December Term, 1855, of the Justice's Court, judgments were rendered against defendants in all the cases: they excepted to the decision of the Justice, and executed bond with security, with a view of taking up the cases

by certiorari, and having the judgments reviewed and set aside.

Afterwards and before the certiorari issued, Jordan ordered the suits to be dismissed ; paid up all the costs, and took the notes upon which the suits were brought into his possession, and commenced suit on the notes, consolidated in the Superior Court: six months after the commencement of suit in the Superior Court, and more than six months after the dismissal in the Justice's Court, plaintiff dismissed his action in the Superior Court, and ordered the Justice of the Peace to issue *fi. fas.* on the judgments rendered in December 1855, none having been issued before, and the same were levied upon the property of defendants, who filed their affidavit of illegality, setting out the foregoing facts. The Justice before whom the illegality was tried, dismissed the same, and ordered the *fi. fas.* to proceed; to which decision defendants excepted, and by certiorari brought the case up for revision and reversal, before the Superior Court.

The presiding Judge, upon hearing the petition for certiorari and the answer of the Justice thereto, sustained the certiorari, and overruled the judgment of the Justice's Court.

To which decision, counsel for plaintiff in *fi. fa.* excepted, and alleges as error:

1st. Because the Court erred in ruling that the withdrawal of the notes from the Justice of the Peace, the payment of the cost, and the institution of suit in the Superior Court on the same notes, was evidence of a withdrawal of the judgment and dismissal of the suit, and that under these circumstances, it was not competent for the Justice of the Peace to issue the *fi. fas.*

2d. Because the Court erred in ruling that the above facts, amounted to a dismissal of the suits.

STROZIER, for plaintiff in error.

PEARMAN & KIMBROUGH, by McCOY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Did the verbal order of the plaintiff to the Justice of the Peace, to dismiss his *judgments*; (which by the way, was not in point of fact done) blot out his debt or in any way affect the validity of the judgments?

We apprehend a judgment may at the instance, or by the direction of the plaintiff, be discharged by entering satisfaction, or filing a release. It cannot be dismissed. We hold, therefore, the magistrate was right in maintaining the legality of the executions issued upon these judgments; and that the Superior Court was wrong in sustaining the certiorari to his decision.

The defendant however, is not without his remedy in Equity, provided he has a good defence to the original suits, and forbore to make it available, as he had taken the initiatory steps to do, by the conduct of the plaintiff, especially as the suit brought in the Superior Court, upon the consolidated notes, was not dismissed, until it was too late to prosecute his certiorari; the six months allowed by law for that purpurpose, having already expired.

Judgment reversed.